**Frederick HATCH, Plaintiff**

v.

**SECRETARY OF STATE OF MAINE and Maine Motor Vehicles Division, Defendants.**

**Civ. No. 94–167–P–H.**

United States District Court, D. Maine.

Feb. 13, 1995.

**148**

Eric M. Menhert, Hawkes & Menhert, Augusta, ME, for plaintiff.

Paul Stern, Asst. Atty. Gen., Augusta, ME, for defendants.

## ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

HORNBY, District Judge.

This is a challenge to Maine's policy against granting a driver's license to someone who must use bioptic or telescopic lenses to see adequately. Because the plaintiff has failed to allege that he is qualified to drive and because his own expert testified at deposition that with the vision problems he described in his license application he was unfit to drive even with bioptic lenses, I conclude that he is unable to challenge Maine's policy under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101–12213.

■ The Supreme Court has made clear that a person challenging so-called handicap discrimination under the Rehabilitation Act of 1983, 29 U.S.C. §§ 701–797, must show that he or she is "otherwise qualified" for the position or program in question. *Southeastern Community College v. Davis*, 442 U.S. 397, 406, 99 S.Ct. 2361, 2367, 60 L.Ed.2d 980 (1979). An "otherwise qualified person" is one who is able to meet all of a program's requirements in spite of his handicap. *Id.*

The law is substantively the same under the Americans with Disabilities Act. *See* 42 U.S.C. § 12132 (prohibiting discrimination against a "qualified individual with a disability"); 42 U.S.C. § 12131(2) ("qualified individual with a disability" is an individual with a disability who, with or without reasonable modifications to policies or the provision of auxiliary aids, meets the essential eligibility requirements for participation in a program provided by a public entity); H.R.Rep. No. 101–485(II), 101st Cong., 2nd Sess. 84, *reprinted in* 1990 U.S.C.C.A.N. Vol. 4 at 367 (Title II of the ADA "essentially simply extends the anti-discrimination prohibition embodied in section 504 [of the Rehabilitation Act of 1973] to all actions of state and local governments"); *see also Easley by Easley v. Snider*, 36 F.3d 297, 300 (3rd Cir.1994).

■ Nowhere in his complaint does the plaintiff Frederick Hatch assert that he can drive safely with bioptic lenses—in other words, that he is otherwise qualified. Moreover, at her deposition, his expert testified that if Hatch's vision was what Hatch described to the Secretary of State in connection with his driver's license applications, she would not consider him fit to drive even with bioptic lenses. (Turco Depo. at 62–70, 143.) In other words, Hatch has no evidence that when Maine denied him a driver's license because of his need to use bioptic lenses, he could in fact drive safely with bioptic lenses. Without such evidence, Hatch cannot proceed with his claim under the Americans with Disabilities Act. Thus, I need not resolve the debate among the experts as to whether Maine can justify its policy on the ground that drivers using bioptic lenses create significant additional safety concerns over those with other types of lenses.

■ There is one wrinkle to this case. After the litigation was underway, the defendants had Hatch examined by an ophthalmologist who found that Hatch's vision was actually three to ten times better than previously reported by Hatch's own doctors to the State. As a result, Hatch has now obtained his driver's license independently of any question of bioptic lenses. That has mooted his request for injunctive relief. It does not,

however, provide evidence that he was a qualified driver when he was denied a license, for all the evidence he presented to the Secretary of State with his applications placed his vision at a severely limited level, a level at which his own expert testified that bioptic lenses would not make him a safe driver. Thus, Hatch cannot establish liability for damages.

Accordingly, the defendants' motion for summary judgment is GRANTED and the plaintiff's motion for partial summary judgment is DENIED.

Judgment shall be entered for the defendants.

So ORDERED.